**FENG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–2920–ag.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2007.

Michael Brown, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Respondent.

PRESENT: Hon. WALKER, Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Feng Chen, a native and citizen of China, seeks review of the May 23, 2006 order of the BIA affirming the Feb-

ruary 7, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Chen,* No. A97 952 253 (B.I.A. May 23, 2006), *aff'g* No. A97 952 253 (Immig. Ct. N.Y. City Feb. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the IJ described the "dispositive issue" as Chen's failure to establish a nexus between his alleged mistreatment and a protected ground. However, the BIA also refused to overturn the IJ's adverse credibility finding as clearly erroneous under 8 C.F.R. § 1003.1(d)(3)(i). Thus we review both Chen's credibility and the nexus finding.

 Chen claims that he was persecuted because he lodged a complaint against a government official who took fish from his parents' store without paying, and that this alleged persecution was on account of his political opinion. In determining whether an applicant's opposition to corruption constitutes political opinion we must address two important questions: first, whether the *applicant's* actions were "directed toward a governing institution or only against individuals whose corruption was aberrational"; and second, whether the *persecutor* "was attempting to suppress a challenge to the governing institution as opposed to a challenge to isolated aberrational acts of greed or malfeasance." *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 548 (2d Cir.2005) (internal quotation marks omitted). · In Chen's case, the impetus for his letter of complaint was the official's refusal to pay for the fish that he took from his parents' store. Thus, the letter was not directed toward an endemically corrupt government institution, but "against [an] individual[ ] whose corruption was aberrational." *Id.* Furthermore, while the official responded by sending the police, there is no evidence to suggest that he was suppressing a challenge to a governing institution. It rather appears that he was reacting to Chen's "challenge to [an] isolated aberrational act[ ] of greed or malfeasance." *Id.* The same is true of the official's reaction to his subsequent slip and fall at the store. Because Chen's actions did not "transcend[ ] mere self-protection," they did not demonstrate a political opinion that could serve as a basis for asylum. *Id.*

 Regardless of an applicant's failure to show past persecution, he or she may establish a claim for asylum solely on the basis of a well-founded fear of future persecution. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) (citation omitted). However, Chen's alleged persecution based on his association with Falun Gong is fatally undermined by the adverse credibility finding, which is supported by substantial evidence in the record. As the IJ properly found, Chen did not even mention Falun Gong in his first two statements to immigration authorities. He first denied ever having been detained by the Chinese government, then claimed to have been

arrested and imprisoned. Chen now also claims to remember details about his travels which escaped him when he arrived in the United States. The cumulative effect of these inconsistencies provides substantial evidence to support the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160 n. 15 (2d Cir.2006). Thus, Chen has not made a credible claim for asylum.

 Because Chen's asylum claim fails, so must his withholding claim, as well. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Chen has not meaningfully challenged the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7. We decline to do so here.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).